UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONDRE ADAMS, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-1257 |
| GREG GOSSATT, et.al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and currently incarcerated in Illinois River Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

1

face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The Plaintiff alleges Defendants Dr. Carla Graby, Warden Greg Gossatt and Wexford Health Sources, Inc. violated his constitutional rights at Illinois River Correctional Center. Specifically, the Plaintiff claims he saw Dr. Carla Graby on an unspecified day in 2013 concerning a swollen left knee. The doctor responded by calling the Plaintiff a "pussy/Drama Queen" and kicking him in the knee. (Comp., p. 5). The Plaintiff says he had fluid on his knee which needed to be removed, but instead the doctor gave him crutches and pain pills that did not help. The Plaintiff is asking for a million dollars in damages from each of the three Defendants. However, the Plaintiff makes no mention of Warden Gossett or Wexford in the body of his complaint.

## ANALYSIS

The Plaintiff is alleging the Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. To establish a constitutional violation, the Plaintiff must pass a two prong test. *Rhodes v. Chapman*, 452

U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). First, the Plaintiff must demonstrate he suffered from a serious medical condition. Second, the Plaintiff must demonstrate the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 828. "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(*citing Farmer* at 840-42).

The Plaintiff claims he suffered from a serious medical condition, but he does not clearly allege Dr. Graby was deliberately indifferent to that condition. It appears the Plaintiff simply disagreed with the treatment provided. "[T]he Constitution does not guarantee a prisoner's choice of a physician, a mode of treatment, or a place of treatment, nor does it (or could it) guarantee a particular outcome or level of comfort in the face of physical maladies." *Gerald v Indiana Dept. of Corrections*, 2009 WL 1795178 at 3 (S.D. Ind. June 23, 2009) *citations omitted*. In addition, the doctor's comments do not rise to the level of a constitutional violation. *See Sires v Berman*, 834 F.2d 9, 12-13 (1st Cir. 1987)(no

Eighth Amendment violation based on nurse's rude behavior, particularly in light of fact she assisted inmate with his medication.); *Jones v Vandevander*, 2009 WL 4709561 at 8 (W.D.Va. Dec. 8, 2009)(nurse who responded rudely including telling inmate to lose weight not sufficient because "[q]uite simply, alleged rudeness or embarrassment are insufficient to evidence deliberate indifference."); *Jones v California Dept. of Corrections*, 2009 WL 700244 at 5 (E.D.Cal. March 16, 2009) (unprofessional conduct is not material when plaintiff ultimately received examination and medication for his pain).

The Plaintiff has also failed to state any claim against Defendants Warden Gossatt and Wexford because he only lists them in the caption of his complaint and the list of Defendants. *See Black v Lane*, 22 F.3d 1395, 1401 FN 8 (7th Cir. 1994); *Brown v County of Cook, Ill*, 2010 WL 3398940 at 1 (N.D.Ill. Aug. 24, 2010). The Plaintiff does not state how either Defendant violated his Eighth Amendment rights.

Nevertheless, it is possible the Plaintiff may be able to clarify his claim against Dr. Graby. "[D]istrict courts have a special

4

responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Therefore, the court will allow the Plaintiff one opportunity to file an amended complaint. The amended complaint must stand complete on its own, include all intended claims and defendants and must not make reference to the previous complaint.

The Plaintiff should clarify when he saw Dr. Graby concerning his knee injury. The Plaintiff should also provide information concerning his medical condition before and after his visit with the doctor including whether he requested or received any follow-up care from Dr. Graby or other members of the medical staff. Finally, the Plaintiff should clearly state how each named Defendant was involved in his Eighth Amendment claim.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

2) The court will allow the Plaintiff one opportunity to file an amended complaint clarifying his claim. The Plaintiff must follow the court's direction in this order and must file his amended complaint on or before August 26, 2014. If he fails to follow the court's direction or fails to file his amended complaint by the deadline, his case will be dismissed. The clerk is to provide the Plaintiff with a blank complaint form to assist him.

3) The clerk of the court is to set an internal merit review deadline for the amended complaint on September 12, 2014.

ENTERED: August 5, 2014.

FOR THE COURT:

                           s/ Sue E. Myerscough
                          _____
                           SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE