UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DONDRE ADAMS,  )
 )
    Plaintiff,  )
 )
    v.  )    14-CV-1257
 )
GREG GOSSATT, et.al.,  )
 )
    Defendants.  )
 )

**MERIT REVIEW OPINION**

Sue E. Myerscough, U.S. District Judge.

This cause is before the court for merit review of the Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. On August 6, 2014, the court dismissed the Plaintiff's original complaint for failure to state a claim upon which relief could be granted. *See* August 6, 2014 Merit Review Opinion. The Plaintiff alleged Dr. Greby[1] was deliberately indifferent to fluid on his knee. However, the Plaintiff had not clearly indicated he suffered from a serious medical condition. In addition, it appeared the Plaintiff simply

---

[1] This Defendant is identified in the docket as Dr. Graby. Therefore the clerk of the court will be directed to correct the spelling of the Defendant's last name to Dr. Greby.

1

disagreed with the treatment he was provided. Finally, the Plaintiff had not mentioned any of his other named Defendants in the body of his complaint. Therefore, his original complaint was dismissed and the Plaintiff was given additional time to file an amended complaint clarifying his claims. The Plaintiff has now filed his amended complaint.

The court must still review the amended complaint pursuant to §1915A, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

## ALLEGATIONS

The Plaintiff's amended complaint alleges Defendants Dr. Carla Greby and Wexford Health Sources, Inc. violated his constitutional rights at Illinois River Correctional Center. While the Plaintiff listed Warden Greg Gossatt as a Defendant in his original complaint, he is not identified as a Defendant in the amended

complaint and therefore the court will dismiss Warden Gossatt.

The Plaintiff says he went to see Dr. Greby on April 18, 2014 concerning a swollen knee. The doctor told the Plaintiff he would need to sign up for sick call. The Plaintiff complied and returned later in the day. He was provided with medication and sent back to his cell.

The following day, the Plaintiff says his knee "went out" and he returned to the Health Care Unit. (Amd. Comp., p. 5). Dr. Greby told the Plaintiff he was a "pussy, drama queen" and kicked him in the knee. (Amd. Comp, p. 5). Nonetheless, the doctor provided the Plaintiff with pain pills and crutches.

The Plaintiff saw a different doctor, Dr. Garcia, when he returned to the Health Care Unit on June 13, 2013. This doctor told both the Plaintiff and Dr. Greby the Plaintiff had fluid on his knee, but Dr. Greby still chose not to drain the fluid. The Plaintiff says Wexford is aware of the incident.

**ANALYSIS**

The Plaintiff is alleging the Defendant Greby violated his Eighth Amendment rights when she delayed care for his knee. To establish a constitutional violation, the Plaintiff must pass a two

prong test. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). First, the Plaintiff must demonstrate he suffered from a serious medical condition. Second, the Plaintiff must demonstrate the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 828. "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(*citing Farmer* at 840-42).

In addition, "[a]n inmate who complains that a delay in medical treatment arose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). However, "a non-trivial delay in treating serious pain can be actionable even without expert medical testimony showing that the delay aggravated the underlying condition." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) *citing Grieveson v Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (reversing summary judgment for defendants where plaintiff did not receive treatment for painful broken nose for nearly two days).

While the Plaintiff's amended complaint does provide more information, it still falls short of alleging a constitutional violation. For instance, it is still unclear whether the Plaintiff suffered from a serious medical condition. He does not allege the fluid on his knee caused him any particular problems, nor that he suffered in pain. Instead, it appears the Plaintiff's main complaint is Dr. Greby provided medication and crutches instead of draining the fluid on his knee.

As the court has previously stated, a disagreement with medical treatment does not rise to the level of a constitutional violation. "[T]he Constitution does not guarantee a prisoner's choice of a physician, a mode of treatment, or a place of treatment, nor does it (or could it) guarantee a particular outcome or level of comfort in the face of physical maladies." *Gerald v Indiana Dept. of Corrections*, 2009 WL 1795178 at 3 (S.D. Ind. June 23, 2009) *citations omitted*. In addition, the doctor's comments do not rise to the level of a constitutional violation. *See Sires v Berman*, 834 F.2d 9, 12-13 (1st Cir. 1987)(no Eighth Amendment violation based on nurse's rude behavior, particularly in light of fact she assisted

inmate with his medication.); *Jones v Vandevander*, 2009 WL 4709561 at 8 (W.D.Va. Dec. 8, 2009)(nurse who responded rudely including telling inmate to lose weight not sufficient because "[q]uite simply, alleged rudeness or embarrassment are insufficient to evidence deliberate indifference."); *Jones v California Dept. of Corrections*, 2009 WL 700244 at 5 (E.D.Cal. March 16, 2009) (unprofessional conduct is not material when plaintiff ultimately received examination and medication for his pain).

The Plaintiff has also failed to state any claim against Defendant Wexford since he has failed to allege how the medical provider was specifically involved in his claims and he has not articulated an official capacity claim.

It is still possible the Plaintiff has simply failed to provide sufficient details concerning his claim. As the court has previously noted, "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, the

Plaintiff is cautioned "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

     The Plaintiff will be allowed one final opportunity to clearly state his claim. The Plaintiff must state when he developed knee problems, what *specific* problems he had with his knee, when he saw medical staff, what treatment was provided and what impact the treatment had on his knee. Finally, the Plaintiff should indicate if the fluid was ever drained from his knee, if his condition improved and if so, when.

The clerk of the court will be directed to provide the Plaintiff with a blank complaint form to assist him. The Plaintiff is admonished this is his FINAL opportunity to amend his complaint. He must follow the directions of the court or his case will be dismissed with prejudice. *See Wilson v. Bruce*, 2010 WL 4467866 at 2 (7th Cir. Nov. 9, 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders.").

**IT IS ORDERED:**

1) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

2) The court will allow the Plaintiff one final opportunity to file an amended complaint clarifying his claim. The Plaintiff must follow the court's direction in this order and must file his amended complaint on or before November 14, 2014. If he fails to follow the court's direction or fails to file his amended complaint by the deadline, his case will be dismissed.

3) The clerk of the court is to: a) dismiss Defendant Warden Greg Gossatt, b) Correct the spelling of the doctor's name from Defendant Graby to Defendant Greby, c) provide the Plaintiff with a blank complaint form, and d) set the internal merit review deadline for the amended complaint on December 1, 2014.

ENTERED: October 15, 2014

FOR THE COURT:

s/ Sue Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE